UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STANTON J. THOMPSON,
   Plaintiff,

vs.                                                                           No. 10-1182

MARVIN REED, et. al,
   Defendants

## MERIT REVIEW AND DISMISSAL ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The pro se plaintiff, a state prisoner, filed a confusing array of documents with the clerk of the court on June 10, 2010. The plaintiff used a standardized complaint form provided by the clerk of the court. However, the 44 pages include several copies of the list of defendants which repeat the same names. It appears the plaintiff intends to sue 18 defendants from the Pontiac Correctional Center and Illinois Department of Corrections (herein IDOC).

The filing also includes four separate "statement of claim" sections. The document was filed as one complaint since the plaintiff sent the documents together and numbered the pages in sequence. In addition, the plaintiff provided one motion to proceed in forma pauperis and one motion for appointment of counsel with his complaint. The claims are as follows:

FIRST STATEMENT OF CLAIM (Comp, p. 17)

The plaintiff says from January of 2007 to January of 2008, he has qualified for certain grants from the Illinois Department of Aging. The plaintiff says he has sent in all the required forms, but the department has refused to pay him the $995 dollars he is owed.

The plaintiff has not stated how any of the named defendants have any responsibility for his claims, nor has he stated why he believes he is entitled to the grants. The plaintiff has failed to state a claim upon which relief can be granted.

The court notes the plaintiff has a pending case with the exact same allegation against different defendants in *Thompson v Circuit Breaker Illinois Department on Aging, et. al,* Case

1

No. 10-1172.

SECOND STATEMENT OF CLAIM (Comp, p. 19)

The plaintiff says from August 1, 2008 until May 25, 2010, he has been denied health care. The plaintiff says he has high blood pressure and headaches and suffers in pain. The plaintiff claims it is due to the foul drinking water at Pontiac Correctional Center, but the Wardens and IDOC director will not do anything about it. The plaintiff already has a case pending stating the exact same claim: *Thompson v. Lemke,* Case No. 10-1173.

THIRD STATEMENT OF CLAIM (Comp, p. 21)

The plaintiff says on December 20, 2009, Officer Small wrote the plaintiff a disciplinary ticket for talking, but he was not the inmate who was at fault. The plaintiff adds a random list of offenses at the end of his complaint including: mental and physical incapacity, corruption, neglect, false reports and violations of his constitutional rights. (Comp, p. 21) The court notes the plaintiff filed the same claim against Defendant Small in *Thompson v. Small*, Case No. 10-1179. In addition, the remaining list of unspecified allegations does not state a claim.

FOURTH STATEMENT OF CLAIM (Comp, p. 25)

The plaintiff says from the dates of August 1, 2008 to June 8, 2010, the defendants have "done some or if not all of the below allegations." (Comp, p. 25) The plaintiff then goes on to list a variety of offenses numbered 2 through 35 such as " 4) bias 5) prejudice 6) partiality 7) harassment..." (Comp, p. 25) The court notes the plaintiff has already filed a case with this same basic list against Pontiac Correctional Center Defendants in *Thompson v Taller,* Case No. 10-1162.[1]

Since February 25, 2010, the plaintiff has filed 19 cases including the case at bar in the United States District Court for the Central District of Illinois. *See Thompson v Quinn,* Case No. 10-1051; *Thompson v Quinn,* Case No. 10-1065; *Thompson v Quinn,* Case No. 10-1082; *Thompson v Quinn,* Case No. 10-1101; *Thompson v Davidson,* Case No. 10-1126; *Thompson v Hardy,* Case No. 10-1129; *Thompson v Davis,* Case No. 10-1130; *Thompson v Hopkins,* Case No. 10-1136; *Thompson v Ryker,* Case No. 10-1141; *Thompson v Allen,* Case No. 10-1151; *Thompson v Pierce,* Case No. 10-1155; *Thompson v Randle,* Case No. 10-1156; *Thompson v Taller,* Case No. 10-1162; *Thompson v Circuit Breaker Illinois Department on Aging, et. al,* Case No. 10-1172; *Thompson v Lemke,* Case No. 10-1172; *Thompson v Angel,* Case No. 10-1177; *Thompson v Small,* Case No. 10-1179; *Thompson v Reed,* Case No. 10-

---

[1] The plaintiff has also included the same basic list of allegations in *Thompson v Randle*, Case No. 10-1156, but he has yet to clarify where these alleged incidents occurred.

1182; and *Thompson v Giese,* Case No. 10-1191. [2]  Nonetheless, it is clear the plaintiff intended to file yet another complaint making the same allegations since he correctly states in his complaint that he has filed 18 previous cases.

The court has previously admonished the plaintiff that he must not file the same claims over and over again. *See Thompson v Quinn,* Case No. 10-1051.  In fact, the plaintiff acquired a "strike" pursuant to 28 U.S.C. §1915(g) when the court noted that"filing the same claims against the same defendants in three separate lawsuits in three separate courts was frivolous." *See Thompson v Quinn,* Case No. 10-1101, April 27, 2010 Merit Review and Order of Dismissal, p. 2

The court has also previously warned the plaintiff that he cannot simply list defendants without stating how they are involved in his allegations. *Thompson v Quinn,* Case No. 10-1082, April 27, 2010 Merit Review and May 24, 2010 Case Management; *See also Thompson v Taller,* Case No. 10-1162.  Nonetheless, the plaintiff has repeatedly and blatantly ignored the court's orders.

The complaint before the court fails to state a claim upon which relief can be granted and repeats claims stated in previous litigation.   The plaintiff has earned another "strike"pursuant to 28 U.S.C.§1915(g).  Consequently, the plaintiff now has three strikes[3] and may not proceed *in forma pauperis* in future litigation unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plaintiff is advised that in any future §1983 litigation concerning prison conditions, the plaintiff must pay the filing fee in full unless he believes he meets the one exception stated above.  In this case, he may file a motion to proceed *in forma pauperis,* but he **MUST** inform the court that he has accumulated three strikes and state why he believes he is in imminent danger.  Failure to inform the court of his three strikes status will result in immediate dismissal of his lawsuit.  The court agrees with the reasoning in *Sloan v. Lesza.* 181 F.3d 857, 859 (7th Cir. 1999) which states:

> An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §195(g) applies to a particular litigant will lead to immediate termination of the suit.

In addition, if the plaintiff continues to file multiple, frivolous lawsuits or multiple

---

[2] Four of these cases involved allegations at correctional centers that are not located in the Central District of Illinois and were therefore transferred to either the Northern or Southern District of Illinois. *See Thompson v Davidson,* Case No. 10-1126; *Thompson v Hardy,* Case No. 10-1129; *Thompson v Davis,* Case No. 10-1130; *Thompson v Ryker,* Case No. 10-1141

[3] The plaintiff has also earned a "strike" in *See Thompson v Quinn,* Case No. 10-1101, and *Thompson v Bui,* Case No. 10-3134 in the Northern District of Illinois.

lawsuits repeating the same allegations, he could face sanctions up to and including an order that all papers he tenders to the clerk of the court be returned unfiled until he pays all outstanding fees in all civil actions he has filed. *See Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995). The cumulative effect of the plaintiff's lawsuits clogs the court process and burdens court staff to the detriment of litigants with meritorious claims. In addition, the plaintiff continued pursuit of the same claims against the same defendants borders on harassment.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A and because the complaint repeats claims the plaintiff has previously brought before this court.   All pending motions are denied as moot [d/e 2, 3], and this case is closed, with the parties to bear their own costs.**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log. The plaintiff has now accumulated three strikes pursuant to §1915(g).**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4) **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5) **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6) **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 1st day of July, 2010.

**/s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE